HAYES KEIDERLING AND FELIX STOCHEL, PROSECU-TORS, v. THE MAYOR AND COMMON COUNCIL OF THE CITY OF PLAINFIELD, DEFENDANTS.

Argued May 5, 1937—Decided July 24, 1937.

Before Justices BODINE, HEHER and PERSKIE.

For the prosecutor, *Joseph J. Mutnick.*

For the defendants, *William Newcorn.*

The opinion of the court was delivered by

HEHER, J.   The question for decision is whether the requirement of the charter of the city of Plainfield, approved April 4th, 1872 (*Pamph. L.* 1872, *p.* 1134), that every appointee to an office under its provisions shall be "a resident and elector of said city," has been superseded by chapter 132 of the laws of 1924 (*Pamph. L., p.* 252), prescribing citizenship "of the State and of the United States" as a qualification for appointment to overseership of poor relief.   We resolve it in the affirmative.

There is no force to the contention of consistency in these provisions and the saving of the charter requirement by the provision of section 97 of the act of 1924, *supra,* that it "shall not be construed to repeal other provisions of law not inconsistent" therewith.

True, implied repealers are not favored in the law.   *Hotel Registry Corp.* v. *Stafford,* 70 *N. J. L.* 528. But the subject of inquiry, in the last analysis, is the legislative intent.   Where, considering the specific provision in relation to the general

object of a statute, the purpose to repeal prior legislation is clearly revealed, it is the judicial function to effectuate it. The statute under review is a revision of the law relating to the settlement and relief of the poor. It provides for "municipal, county or joint county relief." With the exception of certain optional provisions relating to "county" and "joint county relief," it is general in scope; and it is the settled rule of construction, in aid of the ascertainment of the legislative purpose, that a general statute shall be deemed to repeal all inconsistent rules in special charters, notwithstanding the absence of an express repealer. This has its genesis in the state constitutional mandate (article IV, section 7, paragraph 11) that the legislature shall pass general laws regulating the internal affairs of towns and counties. *Haynes* v. *Cape May*, 52 *N. J. L.* 180; *Eldridge* v. *Philadelphia and Reading Railroad Co.*, 83 *Id.* 463; *Acquackanonk Water Co.* v. *Passaic*, 65 *Id.* 476.

Section 29 of the last cited statute affords ample demonstration of a legislative intent to deal generally with the subject of the qualifications of such overseers, and to repeal all prior legislation, whether contained in general enactments or special charters, relating to the fitness of such functionaries. It prescribes that the appointee shall possess, *inter alia,* the ability to make and keep "such records and reports as are lawfully required of him," and "such knowledge of the laws concerning the relief and maintenance of the poor, as may be satisfactory to the governing body of the municipality;" and it confers upon the governing body authority "to ascertain such qualifications of such prospective applicants by sufficient tests through the means of written and oral competitive examinations, conducted by the state civil service commission, pursuant to the general authority now vested in it by statute," who is directed to "certify to such governing body the lists of those who are eligible for appointment as superintendent, overseer or deputy, as the case may be." Manifestly, the provincial test prescribed by the local charter is in conflict with the policy of this statutory provision. The legislative design was to vest in the governing body a

broad authority, subject only to the other provisions contained in the section referred to, to secure the services of an overseer versed in and capable of discharging the duties devolving upon him under the statute.

The case of *DePotter* v. *Patten,* 10 *N. J. Mis. R.* 425, is obviously not in point.

The resolution under review was therefore a valid exercise of municipal power. The appointee, while not possessing the qualifications laid down by the local charter, concededly met the exclusive statutory test of fitness.

The writ is accordingly dismissed, with costs.